IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH MARPEL,

    Plaintiff,                    No. 2:11-cv-0387 KJN P

    vs.

SAUKHLA, et al.,

    Defendants.              ORDER

_____/

        Pursuant to this court's screening of plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a), the court found that the complaint may state potentially cognizable claims against defendants Bick and Saukhla, but does not state a claim against the California Medical Facility. (Dkt. No. 4 at 2.) Plaintiff, who has preliminarily agreed to the jurisdiction of the magistrate judge for all purposes (Dkt. No.7), see 28 U.S.C. § 636(c), Local Rule 305(a), has filed a document in which he agrees to terminate the California Medical Facility from this action (Dkt. No. 16 at 2).

        In the same document, plaintiff has filed a "motion" to obtain additional service documents in order to provide the court with information necessary to serve process on a defendant who has not yet been identified. Plaintiff states: "I need to amend another defendant in this case. I do not have his/her name at the moment, but, this person is in charge of screening

all of the complaints in the Medical Department here at CMF [California Medical Facility]." (Dkt. No. 16 at 1.)

Plaintiff is advised that the use of "Doe defendants" is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored."). Where the identity of an alleged defendant cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify such defendant. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (dismissing a complaint because plaintiff is unaware of Doe's identity at the time the complaint is filed is error). If plaintiff learns the identity of the subject Doe defendant, through discovery or earlier, he may file a motion for leave to file an amended complaint in order to add the newly identified individual as a named defendant. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003). If the amended complaint states a potentially cognizable claim against the newly named defendant, the court will then provide the necessary service documents.

Accordingly, IT IS HEREBY ORDERED that:

1. The California Medical Facility is dismissed from this action; and

2. Plaintiff's motion (Dkt. No. 16) to obtain additional service documents is denied without prejudice.

DATED: May 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

marp0387.misc