IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH MARPEL,

      Plaintiff,               No. 2:11-cv-0387 KJN P

   vs.

SAUKHLA, et al.,

      Defendants.        <u>ORDER</u>

_____/

      On February 22, 2011, the court found that plaintiff's complaint states potentially cognizable Eighth Amendment claims against physicians Saukhla and Bick, the latter defendant the Chief Medical Officer at plaintiff's place of incarceration, the California Medical Facility ("CMF"). Defendants Saukhla and Bick have each appeared in this action by waiving service of process.

      Presently pending is plaintiff's subsequently-filed motion to amend his complaint to add defendant Nathaniel K. Elam, CMF's Chief Executive Officer. (Dkt. No. 20.) Current defendants have filed a motion requesting that the court screen the "amended complaint" and accord defendants thirty days after the court's screening order within which to file their response to the complaint. (Dkt. No. 21.)

      Mr. Elam does not appear to be a physician; nor does it appear that he has had any

1

direct contact with plaintiff.  Plaintiff seeks to sue Elam in his professional and individual

capacities based on his allegations that Elam must be "responsible in some manner" for

plaintiff's allegedly inadequate medical care; that Elam "is the person responsible for overseeing

the Medical 602 appeal process at CMF;" that Elam "failed to instruct Defendant N. Saukla MD

(sic) and J. Bick MD to perform their duties as indicated" by law; that "had Defendant Elam

exercised proper care and due diligence in performing his duties this cause would have no

standing;" and that "Plaintiff believes that defendant Elam is responsible for contributing to the

deprivation of plaintiff's right to adequate medical care."  (Dkt. No. 20 at 2-3.)

These allegations do not state a potentially cognizable constitutional claim against

Mr. Elam.  "Under Section 1983, supervisory officials are not liable for actions of subordinates

on any theory of vicarious liability.  A supervisor may be liable [only] if there exists either (1) his

or her personal involvement in the constitutional deprivation, or (2) a sufficient causal

connection between the supervisor's wrongful conduct and the constitutional violation."  Hansen

v. Black, 885 F.2d 642, 645-646 (9th Cir. 1989) (citations omitted).  Vague and conclusory

allegations of official participation in civil rights violations are not sufficient to state a claim

under Section 1983.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  There can be

no liability under Section1983 absent demonstration of some affirmative link between a

defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 371 (1976);

May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978).  Pursuant to these authorities, plaintiff's allegations are insufficient to state a

potentially cognizable claim against Mr. Elam.  Plaintiff's motion to amend his complaint must

therefore denied.  Should plaintiff later obtain additional information sufficient to state a

potentially cognizable claim against Elam, consistent with the requirements set forth above,

plaintiff may again move to amend the complaint.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to amend his complaint (Dkt. No. 20) is denied without

prejudice;

2.  Defendants' motion for an extension of time (Dkt. No. 21) within which to file their response to the operative complaint is granted; and

3.  Defendants shall file their response to the complaint within thirty days after the filing date of this order.

DATED:  June 23, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

marp0387.ord