IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH MARPEL,

    Plaintiff,                               No. CIV S-11-0387-KJM-KJN-P

    vs.

SAUKHLA, et al.,

    Defendants.                          <u>ORDER</u>

/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On January 18, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Neither party has filed objections to the findings and recommendations.

        Although plaintiff's copy of the findings and recommendations was returned as undeliverable, plaintiff was served at his address of record. It is plaintiff's responsibility to apprise the court of any change in his address. *See* Local Rule 183(b). Service of documents at the address of record is sufficient to effect full service. Local Rule 182(f). A copy of this order

1

will be served on plaintiff at his address of record; if this order is returned as undeliverable, this case may be dismissed for failure to prosecute. Local Rule 183(b).

In light of the record before it, the court presumes that any findings of fact are correct. *See Orand v. United States,* 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having conducted this review, the court finds that plaintiff has adequately alleged an Eighth Amendment violation against Doctor Saukhla. Specifically, plaintiff alleges repeated requests for medical care related to pain in his back, neck and shoulders, beginning in late 2008; his pain continued until mid-2010. An attachment to a grievance accompanying the complaint describes the pain as "serious" and plaintiff's condition as living in "constant agony" during the eighteen month period underlying this action. Plaintiff also alleges that Doctor Saukhla purposefully neglected plaintiff following an argument between the two in mid-2009, approximately a year before he obtained the medical attention he says ultimately addressed his pain. Unnecessarily prolonging significant pain is sufficient to show deliberate indifference to support an Eighth Amendment violation. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.1992), *overruled in part on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Here, at this stage of the litigation, plaintiff adequately alleges an Eighth Amendment claim with respect to defendant Saukhla.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 18, 2012, are adopted, except for the sentence beginning on page 9, line 15 and the excerpt at 9:26-10:13;

2. Defendants' motion to dismiss (ECF No. 24) is granted with respect to defendant Bick and denied with respect to defendant Saukhla;

/////

3. This action shall be remanded to the magistrate judge for further proceedings; and

4. The Clerk of Court shall enter judgment for defendant Bick.

DATED: March 26, 2012.

_____
UNITED STATES DISTRICT JUDGE

/marp0387.801

3